354 So.2d 563 (1978)
STATE of Louisiana, Appellee,
v.
Paul PETTA, Appellant.
No. 60558.
Supreme Court of Louisiana.
January 30, 1978.
Rehearing Denied April 11, 1978.
*564 Rena M. Price, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
Willian J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., John L. A. Lenfant, IV, Asst. Dist. Atty., for plaintiff-appellee.
TATE, Justice.
The defendant Petta was convicted of possession of heroin, La.R.S. 40:966 B(1), and sentenced, as a multiple offender, La.R.S. 15:529.1, to ten years at hard labor. Upon his appeal, he relies upon five assignments of error.
We find no merit to these assignments:
Assignment 1:
The heroin was discovered as the result of a warrant obtained to search premises at 1433 Crete Street, Apartment C. The premises were further described as a two-story pink stucco house trimmed in white.
The residence was not marked with a street number. However, it was separated only by an alley from an adjacent residence numbered 1431. In fact, there was no 1433 Crete Street; the correct street number of the pink stucco residence searched was 1435.
A motion to suppress the heroin seized was based upon the discrepancy between the street number of the residence searched and that described by the search warrant. Such a discrepancy may indeed be fatal to the validity of a search warrant, in circumstances where the variance authorizes search of other premises than those actually searched. State v. Lee, 247 La. 553, 172 So.2d 678 (1965). A search warrant must describe with particularity the place to be searched, La.Const. of 1974, Article 1, Section 5; La.C.Cr.P. art. 162.
However, a description is sufficient when it reasonably enables the searching officers to ascertain and identify the place *565 alone intended to be searched. State v. Alexander, 337 So.2d 1111 (La.1976) (similar facts, where searched residence did not display street number); State v. Chaffin, 324 So.2d 369 (La.1975).
As we stated in State v. Cobbs, 350 So.2d 168, 171 (La.1977): "The object of the description in a search warrant is to prevent the search of the wrong premises. If the place to be searched is described in sufficient detail to enable the officers to locate it with reasonable certainty and with the reasonable probability that the police will not search the wrong premises, the description is sufficient."
The description in the present search warrant meets this test, under the present evidence.
Assignment 3:
An earlier trial of the accused for the present offense had resulted in a mistrial two months earlier. The first jury could not agree upon a verdict. Prior to the present re-trial, the defendant (who was representing himself) requested the court to furnish him a transcript of his earlier trial. He did not at the time specify any reasons or special need for this transcript.
By Assignment 3 he complains of this denial. He forcefully argues in brief that he was thereby denied a tool necessary for effective impeachment of police officers, state witnesses who allegedly testified inconsistently at both trials. In his motion for a new trial, he points out alleged inconsistencies in the testimony of officers Jenning and Morse.
The defendant's contention is not frivolous. In the event of a re-trial, an indigent defendant is ordinarily entitled (as would be a person of means) to obtain a transcript of the first trial, for use for discovery or impeachment purposes, even without a showing of particularized need, unless an acceptable alternative is possible. Britt v. North Carolina, 404 U.S. 226, 92 S.Ct. 431, 30 L.Ed.2d 400 (1971); State v. Johnson, 261 La. 620, 260 So.2d 645 (1972). See also: Comment, 20 Kansas L.Rev. 745 (1972).
We have ultimately concluded, however, that, under the circumstances shown, the pre-trial denial of the transcript of the first trial did not prejudice the defendant so as to constitute reversible error, especially since the second trial occurred so shortly after the first.
In the first place, the defendant himself, who was of course present at both trials and who remembered well the first testimony, was afforded an actual opportunity to cross-examine the two officers as to the alleged discrepancies in their testimony, and did so rather effectively. In the second place, the discrepancies[1] themselves do not appear to have been significant in the determination either of credibility of the witnesses or the defendant's innocence or guilt. Thus, the alleged discrepancies in the testimony are incidental in nature and were both known and explored by the person trying the case on the accused's behalf.
Other Assignments:
The remaining assignments are clearly without merit:
Assignment 2: The defendant was not entitled to quash the indictment because of the earlier mistrial. The re-trial did not constitute double jeopardy (as the defendant contends), see La.C.Cr.P. arts. 591, 775(2), nor does the motion state any of the recognized grounds for quashing an indictment, see La.C.Cr.P. art. 532.
Assignment 5: The defendant complains that only five papers of heroin and several preludin tablets were taken from the evidence envelope in the presence of the jury, before they were introduced into evidence. (The record reflects that the evidence envelope contained narcotics and other objects seized from other persons at the *566 time of the search of the premises.) The trial court permitted the defendant to examine the contents of the evidence envelope and afforded him an opportunity also to cross-examine the testifying officers as to them in the event he found exculpatory or other helpful material in the contents. No error or prejudice is shown by this assignment.
Assignment 7: No abuse of discretion is shown by the trial court's refusal to grant the defendant's motion for a new trial. It was sought on the basis of argued factual error by the trial jury and of the alleged discrepancies in the testimony of the police officers (see Assignment 3) in the two trials. It also suggested that the testimony of specified witnesses (who did not testify at his trial) would have been of help in proving his innocence; as to this contention, the showing of the motion clearly does not meet the requisites of La.C.Cr.P. arts. 851, 854, for granting a new trial based upon "newly discovered" evidence or witnesses.

Decree
Accordingly, we affirm the conviction and sentence.
AFFIRMED.
NOTES
[1] E. g.: whether the officers pounded on the door from one to two minutes, or from three to five minutes; whether the heroin was found in the same pocket of the defendant's trousers as other drugs, or in a different pocket.