379 So.2d 1061 (1980)
STATE of Louisiana
v.
Ray Mathews KORMAN.
No. 65248.
Supreme Court of Louisiana.
January 28, 1980.
Rehearing Denied March 3, 1980.
*1062 Robert D. Downing, Alexandria, for defendant-respondent.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie B. Brown, Dist. Atty., Marilyn Castle, Kay Kirkpatrick, Asst. Dist. Attys., for plaintiff-relator.
MARCUS, Justice.
Ray Mathews Korman was charged by bill of information with possession with intent to distribute marijuana in violation of La.R.S. 40:966(A)(1). Defendant filed a motion to suppress the twenty-two and one-half pounds of marijuana seized from his residence during the execution of a search warrant. He argued that the search warrant contained an inaccurate description of the place to be searched in that it incorrectly stated the municipal number of his apartment building. After a hearing, the trial judge sustained the motion. We granted the state's application under our supervisory jurisdiction to review the correctness of this ruling. La.Const. art. 5, § 5(A).
The search warrant described the place to be searched as "6656 Harry Drive, Apartment # 119"; defendant testified at the suppression hearing that the correct municipal number of his residence was "6636 Harry Drive, Apartment 119."
Sgt. Jay Thompson of the East Baton Rouge Sheriff's Office testified at the suppression hearing. He stated that, upon receiving information from a reliable confidential informant concerning defendant's alleged illegal activities, he picked up the informant and drove to defendant's apartment complex where the informant pointed out the building in which defendant resided and informed him that defendant's apartment was 119 and was located therein. The officer obtained the municipal number of defendant's residence from a sign in front of the apartment complex which bore the words "Georgetown Apartments, 6656 Harry Drive." This was the only sign in front of the apartment complex and was located in close proximity to defendant's apartment (estimated as a matter of yards). A photograph of the sign was introduced in evidence. A surveillance of the apartment complex was set up and defendant was *1063 observed entering and leaving apartment 119. Thompson did not verify defendant's address with the building manager because in the past when he had done so the managers had often informed the tenants of the police inquiries.
During the execution of the warrant, Thompson realized that each building in the complex had separate numbers and that defendant's apartment was located in a building designated by the municipal number 6636 Harry Drive rather than 6656 Harry Drive as stated in the warrant. Defendant's apartment was the only one numbered 119 in the complex.
A search warrant must particularly describe the place to be searched. U.S. Const. Amend. 4; La.Const. art. 1, § 5 (1974); La.Code Crim.P. art. 162. The description contained in the search warrant is adequate if it is sufficiently detailed so as to allow the officers to locate the property with reasonable certainty and with reasonable probability that they will not search the wrong premises. Steele v. United States, 267 U.S. 498, 45 S.Ct. 414, 69 L.Ed. 757 (1925); State v. Segers, 355 So.2d 238 (La. 1978); State v. Cobbs, 350 So.2d 168 (La. 1977).
This court has held that a minor error in a portion of the description of the premises to be searched does not invalidate the search. State v. Segers, supra; State v. Petta, 354 So.2d 563 (La.1978); State v. Cobbs, supra; State v. Alexander, 337 So.2d 1111 (La.1976); State v. Chaffin, 324 So.2d 369 (La.1975), cert. denied, 426 U.S. 907, 96 S.Ct. 2228, 48 L.Ed.2d 832. In Petta, we upheld the search of 1435 Crete Street under a search warrant authorizing the search of 1433 Crete Street, Apartment C. In Alexander, a search of 245 Pearl Street under a warrant authorizing the search 243 Pearl Street was upheld. Similarly, the federal courts have upheld searches where there was a minor error in a portion of the description of the premises in the warrant. Steele v. United States, supra; United States v. Darensbourg, 520 F.2d 985 (5th Cir. 1975), and cases cited therein. In Steele, the Supreme Court upheld the search of 609 West 46th Street under a warrant authorizing the search of 611 West 46th, the building being a large warehouse having these two numbers and only partly partitioned. In Darensbourg, the description in the warrant was "Apartment # 70, located at 3101 Highland Rd., in the City of Baton Rouge." The apartment intended by it was located in a large four-building complex which bordered on both July Street and Highland Road and contained approximately 450 apartments. The apartment searched was the only one in the complex numbered 70. But it was in fact located on July Street, not 3101 Highland Road, which was the address of the business office of the complex. Apartment 70 was about 300 yards from the business office, in a separate building. The buildings were separated by a canal. The Fifth Circuit Court of Appeals upheld the search. Defendant's reliance on State v. Lee, 247 La. 553, 172 So.2d 678 (1965), is misplaced. In Lee, the sworn affidavit upon which the search warrant was issued referred to a residence at 2127 Bienville Street in New Orleans. But when officers arrived at the house which they later searched, they found that it had a different municipal number than that cited in the warrant and the underlying affidavit. They telephoned the trial judge who had issued the warrant and informed him the number should read 2123 rather than 2127 Bienville Street. The judge approved a change in the warrant. Without passing upon the correctness of Lee, it is clearly distinguishable from the instant case. Here, the executing officer did not take it upon himself to amend the search warrant or to knowingly enter and search premises located at a different municipal number from that described in the warrant.
Under the facts of this case, there was little possibility that an apartment not intended to be searched could have been searched through mistakeas indeed it was not. Hence, we conclude that the description in the search warrant sufficiently described the place to be searched. The trial judge erred in holding otherwise.

*1064 DECREE
The ruling of the trial judge sustaining the motion to suppress is reversed and set aside; the case is remanded to the district court for further proceedings.