411 So.2d 10 (1982)
STATE of Louisiana
v.
John J. FEEBACK, Jr.
No. 81-KA-1794.
Supreme Court of Louisiana.
March 1, 1982.
Rehearing Denied April 5, 1982.
*11 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., J. Carl Parkerson, Dist. Atty., Lavalle B. Salomon, Vicki L. Green, Asst. Dist. Attys., for plaintiff-appellee.
Thomas W. Davenport, of Davenport, Files, Kelly & Marsh, Monroe, for defendant-appellant.
SAVOIE, Justice Ad Hoc.[*]
The defendant in this matter, John J. Feeback, Jr., was charged by bill of information with the crime of receiving stolen things, a violation of La.R.S. 14:69. Initially, defendant pleaded not guilty; but after a motion to suppress the search warrant and evidence was filed and denied, he withdrew his former plea and pleaded guilty as charged, reserving the right to appeal from the adverse ruling on his motion. The defendant was sentenced to six years at hard labor which was suspended and he was placed on supervised probation for a period of five years. Additionally, the defendant was sentenced to six months in the Ouachita Parish Jail, and to pay a fine of Fifteen hundred dollars, plus costs. On appeal, he contends that the denial of his motion to suppress was erroneous and the sentence imposed excessive.
On July 1, 1980, Larry Laborde, Chief of the West Monroe Police Department, executed a search warrant at defendant's residence, 202 Woodrow Street. Eight window air-conditioning units were seized and identified as stolen property. The legality of the search warrant is at issue herein.
There were two affiants to the warrant, Chief Laborde and Major Don Hill of the Monroe Police Department. Chief Laborde stated that he had received information from a reliable confidential informant on June 30, 1980, that stolen goods would be delivered to defendant's residence. A surveillance *12 was placed on the residence that evening, which produced no information since it was called off for another investigation. The next morning, Chief Laborde learned from his informant that the stolen air-conditioners were concealed behind a false wall in the carport at Defendant's residence. Chief Laborde had no information on file regarding the stolen air-conditioners and, therefore, checked with other local agencies. He found that Major Hill, with the Monroe Police Department, had a report of air-conditioners stolen on June 30, 1980, at 11:28 P.M. Major Hill, who supplied the information regarding the theft, was the second affiant. He informed Laborde that the Monroe Police Department had surprised burglars while the theft was in progress. They fled the scene, abandoning a truck whose ownership was traced to John Feeback, Sr., defendant's father. Both police departments ran surveillances on the defendant's residence during the day of July 1, 1980. The search warrant was obtained and executed on the night of July 1. The air-conditioners were found covered by a child's plastic swimming pool and sheet behind paneling that had been nailed to the garage rafters as a false wall at the rear of the garage. Defendant herein was arrested on the basis of possession of the stolen air-conditioners.
ASSIGNMENT OF ERROR NO. 1
The trial court erred in denying defendant's motion to suppress.
Defendant argues that the trial court erred in denying defendant's motion to suppress the search warrant since the warrant was invalid, having been issued on information that was obtained by an illegal entry and search of the defendant's premises and not from an informant. Defendant's claim is based on the following allegations:
1. When he returned home from work on July 1, 1980, he found the paneling at the back of his garage separated and the sheet removed from the crates containing the air-conditioners.
2. Defendant's neighbor claimed he had seen two men getting out of a car near defendant's garage.
3. Defendant's sister saw what she thought was an unmarked police car in defendant's driveway that day.
4. The lapse of time between the informant's contacting Chief Laborde, before noon, and the issuance of the search warrant, 10:45 P.M., has no reasonable explanation except that the police gathered additional information through an illegal search of defendant's premises.
The state argues that, since the search was made pursuant to a warrant, it is the defendant's burden to prove the warrant invalid and, in the instant case, the defendant did not meet that burden.
The facts establishing probable cause for a search warrant must be contained within the four corners of the affidavit. La.C.Cr.P. Art. 162; State v. Poree, 406 So.2d 546, 547 (La.1981). Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). The judicial officer must be supplied with enough information to support an independent judgment that probable cause exists for the issuance of a warrant. State v. Mena, 399 So.2d 149 (La. 1981). When attacking the affidavit, the credibility of the affiant himself may be traversed on a proper showing of "a genuine issue on the affiant's veracity supported by convincing allegations of fact which, if proven, would establish the falsity of the affidavit". State v. Morstein, 404 So.2d 916 (La.1981). Minor inaccuracies in the affidavit may not affect the validity of the search warrant if, when the court excises the inaccurate statements, there are enough facts left to support a finding of probable cause. State v. Rey, 351 So.2d 489 (La.1977).
In the instant case, the defendant claims that the facts in the affidavit were results of unconstitutional police searches and not from a confidential informer as stated. There was no showing by the defendant at the motion to suppress that any of the reported vehicles that were seen at defendant's house on July 1, 1980 were, in fact, police vehicles. None of the witnesses made inquiries of the persons allegedly seen *13 on the premises. Thus, the testimony regarding illegal police investigation was conjecture by the witnesses as to the identity of those persons. Since the defendant offered no proof that traversed the credibility of the affiants, the trial judge's determination on the motion to suppress was correct. State v. Klar, 400 So.2d 610 (La.1981).
ASSIGNMENT OF ERROR NO. 2
The sentence of the court was excessive.
Defendant argues that he was a first felony offender with a record of employment, thus a suspended six year sentence plus a Fifteen hundred dollar fine is disproportionate to the crime committed and defendant's personal history. In addition, the defendant argues that the six month jail sentence as a condition of probation was excessive and, since imposed without benefit of probation, parole, or suspension, had the effect of a sentence of eighteen months with good time.
At the sentencing hearing, the trial court noted defendant's prior convictions for contempt of court, disturbing the peace, and drawing and displaying a dangerous weapon. The judge decided that probation was a good risk for this defendant since the offense was non-violent and defendant was employed in a job with a responsible position. Thus, he suspended the six years at hard labor and placed defendant on probation for five years. The judge added, however, that he felt the defendant needed a taste of jail and sentenced him to six months in the parish prison in addition to a Fifteen hundred dollar fine. The judge individualized the sentence to the defendant under guidelines of La.C.Cr.P. Art. 894.1. This sentence is within the statutory limits of the offense. Given the defendant's record of minor offenses, an imposition of six years suspended is not excessive or grossly disproportionate to the offense. State v. Bonanno, 384 So.2d 355 (La.1980).
For the reasons assigned above, the conviction and sentence are affirmed.
AFFIRMED.
NOTES
[*] Judges Shortess, Carter and Savoie of the Court of Appeal, First Circuit, participated in this decision as associate justices ad hoc, joined by Associate Justices Dennis, Blanche, Watson and Lemmon.