CUTRER, Judge.
The defendant, Betty Brooms, was charged by bill of information with the crime of possession of marijuana with intent to distribute under the provisions of LSA-R.S. 40:966(A)(1). A search warrant for the defendant’s apartment in Oakdale was executed on April 27, 1983, and a large *674 quantity of marijuana was recovered as a result of the search. The defendant filed a motion to suppress the marijuana, alleging that the search warrant was defective.[1]
A hearing on the defendant’s motion was held wherein the sole matter at issue was whether the executing officers’ changing of the apartment number on the search warrant, after receiving the issuing magistrate’s approval via a telephone conversation, rendered the warrant invalid. The trial court denied the defendant’s motion, and we granted a writ to consider the correctness of this decision, affording the parties an opportunity to submit briefs and to argue orally before this court.
After considering the pertinent law and the related jurisprudence, we find that the defendant’s motion to suppress, under the particular facts of this case, was properly denied by the trial court.
FACTS
The only witnesses testifying at the motion to suppress were the affiant and the issuing magistrate. The facts are, therefore, derived from their testimony.
On the morning of April 27, 1983, a named informant (Donald Ray White) appeared at the Oakdale Police Department and provided a statement that he had personally observed narcotics, marijuana and other contraband in two separate residences. Officer Glen Dyer took the informant’s statement and was accompanied by the latter to the two specified residences. The defendant resided at one of those places. Each of the locations was expressly pointed out to Officer Dyer by the informant.
When Officer Dyer approached the residence occupied by the defendant in an Oak-dale housing project in order to get the apartment number, he observed that there was no identifying number on the targeted apartment. The adjoining apartment number was 50. Dyer assumed that the defendant’s apartment number would be 48, which number was inserted in the affidavit and search warrant. The record does not establish that the apartment had any particular municipal number.
A search warrant for the defendant’s apartment was obtained from Judge John P. Navarre at 1:00 P.M. on the same day of the informant’s statement, April 27th. That warrant was issued on the basis of affidavits provided by Officer Dyer and another police official. Shortly thereafter, Officer Dyer and approximately six other police officers appeared at the defendant’s apartment to execute the warrant. By coincidence, the defendant arrived at her residence simultaneously with the officers and, upon viewing the warrant, she told Officer Dyer that the number of the apartment was 46 instead of 48. Upon receiving this information, Officer Dyer left with another officer to change the number from 48 to 46. The other officers remained and no attempt to enter the apartment was made.
Officer Dyer drove to the police station where Judge Navarre was telephoned and told of the need to change the warrant to reflect the number on the apartment as being 46. According to both Officer Dyer and Judge Navarre, the latter authorized the former to change the warrant to reflect the number 46 stated by the defendant to be correct.
While at the police station, Officer Dyer, pursuant to Judge Navarre’s authorization, had a dispatcher change both the warrant and the affidavit to reflect an apartment number of 46.
The affidavit, as changed, read as follows:
“That a search warrant should issue for the search of Apt. 46 of the Oakdale Housing Authority being red brick with gray trim, located on Creswell St, Oak-dale, Allen Parish, La. ”
Officer Dyer then returned with the warrant to the defendant’s apartment, where its execution in the afternoon of April 27th *675 resulted in the seizure of approximately eight pounds of marijuana.
THE LAW
The defendant argues that the alteration in the search warrant rendered it invalid, as being in violation of her rights under both the Fourth Amendment to the United States Constitution, Article I, § 5 of the Louisiana Constitution of 1974 and LSA-C. Cr.P. art. 162.
In the case of State v. Korman, 379 So.2d 1061 (La.1980), in its discussion of search warrants containing errors of description, the court stated as follows:

“A search warrant must particularly describe the place to be searched. U.S. Const. Amend. 4; La. Const. art. 1, § 5 (1974); La.Code Crim.P. art. 162. The description contained in the search warrant is adequate if it is sufficiently detailed so as to allow the officers to locate the property with reasonable certainty and with reasonable probability that they will not search the wrong premises. Steele v. United States, 267 U.S. 498, 45 S.Ct. 414, 69 L.Ed. 757 (1925); State v. Segers, 355 So.2d 238 (La.1978); State v. Cobbs, 350 So.2d 168 (La.1977).

“This court has held that a minor error in a portion of the description of the premises to be searched does not invalidate the search. State v. Segers, supra; State v. Petta, 354 So.2d 563 (La.1978); State v. Cobbs, supra; State v. Alexander, 337 So.2d 1111 (La.1976); State v. Chaffin, 324 So.2d 369 (La.1975), cert. den., 426 U.S. 907, 96 S.Ct. 2228, 48 L.Ed.2d 832. In Petta, we upheld the search of 1435 Crete Street under a search warrant authorizing the search of 1433 Crete Street, Apartment C. In Alexander, a search of 245 Pearl Street under a warrant authorizing the search 243 Pearl Street was upheld. Similarly, the federal courts have upheld searches where there was a minor error in a portion of the description of the premises in the warrant. Steele v. United States, supra; United States v. Darensbourg, 520 F.2d 985 (5th Cir.1975), and cases cited therein, In Steele, the Supreme Court upheld the search of 609 West 46th Street under a warrant authorizing the search of 611 West 46th, the building being a large warehouse having these two numbers and only partly partitioned. In Dar-ensbourg, the description in the warrant was ‘Apartment #70, located at 3101 Highland Rd., in the City of Baton Rouge. ’ The apartment intended by it was located in a large four-building complex which bordered on both July Street and Highland Road and contained approximately 450 apartments. The apartment searched was the only one in the complex numbered 70. But it was in fact located on July Street, not 3101 Highland Road, which was the address of the business office of the complex. Apartment 70 was about 300 yards from the business office, in a separate building. The buildings were separated by a canal. The Fifth Circuit Court of Appeals upheld the search.”
See also, State v. Smith, 397 So.2d 1326 (La.1981) and State v. Ventry, 439 So.2d 1144 (La.App. 4th Cir.1983), writ den., 443 So.2d 589 (La.1983).
In the cases cited in Korman, where an error of description did not invalidate the search warrant, we find that the courts relied upon the well-established principle that:

“The description contained in the search warrant is adequate if it is sufficiently detailed so as to allow the officers to locate the property with reasonable certainty and with reasonable probability that they will not search the wrong premises. ....”

Under the facts and circumstances presented in the case at hand, Officer Dyer, in the affidavit presented to the judge, clearly intended to describe the apartment shown to him by the informant, Donald Ray White. There is no doubt that he knew and described the exact target of the search warrant. The description con *676 tained in the warrant, prepared by the affi-ant and executing officer, Dyer, was such that there was little or no chance that the wrong premises would be searched. The record fails to establish that defendant’s apartment had a particular municipal number. Other than the statement by the defendant, Officer Dyer had no way of knowing the apartment number. Dyer did not depend upon a number for identification of the apartment. Under these circumstances, the fact that Officer Dyer changed the number from 48 to 46 would be of no consequence and would not invalidate the warrant.
Defendant’s reliance upon State v. Lee, 247 La. 553, 172 So.2d 678 (1965) is misplaced. The Lee case was decided during the time that appeals in criminal cases were presented by bills of exception. Under the then-existing procedure, each issue raised by an appellant had to be done so by a bill of exception. The procedural law also required that all evidence pertaining to the bill be attached to the respective bills. In the event that such testimony was not attached to the bill, the appellate court could not consider the evidence pertinent thereto even though it may otherwise have been in the record. In Lee, the court pointed out that the evidence relied on by the State was not attached to the bills of exception, thus the court could not consider it, the only facts or circumstances considered by the court were those contained in a brief per curiam submitted by the trial court. The per curiam briefly stated that the search warrant authorized a search of 2127 Bienville Street, City of New Orleans. The officer, upon arriving at the residence, noted that the number 2127 was incorrect and should have been 2123. After a telephone call to the judge, the number was changed. The court noted that the change appeared to have taken place after the search. The court held that the procedure used to change the number was improper, rendering the change ineffective. Therefore, the warrant, as originally prepared, authorized the search of a specific incorrect municipal number. There was no further description of the property before the court for consideration. The court felt that an officer armed with a warrant containing only a municipal number had no right to search a residence containing another number. A warrant containing only an erroneous municipal street number, without more (as was presented in Lee) does not meet the test of Korman which requires the description to be such that there is no reasonable probability that the executing officers would search the wrong premises.
In the case at hand, the physical description and location of the premises was set forth. Under these circumstances, there was no reasonable probability that Officer Dyer would search the wrong premises. This officer searched where he intended to search. Defendant’s motion to suppress is without factual or legal substance and was properly denied.
For these reasons, the writ previously issued is recalled. The ruling of the trial court is affirmed. The case is remanded for further proceedings according to the views expressed herein and according to law.
WRIT RECALLED AND REMANDED.

. Subsequent search warrants were issued, which resulted in the seizure of further contraband and in the issuance of other charges against the defendant. We are not concerned in this instance with those search warrants and/or seizures.