495 So.2d 422 (1986)
STATE of Louisiana, Plaintiff-Appellee,
v.
Hansel MILLER, Jr., Defendant-Appellant.
No. CR86-305.
Court of Appeal of Louisiana, Third Circuit.
October 8, 1986.
*423 Bennett Lapoint, Lake Arthur, for defendant-appellant.
D. Keith Wall, Asst. Dist. Atty., Jennings, for plaintiff-appellee.
Before FORET, STOKER and KING, JJ.
KING, Judge.
The issues presented by this appeal are whether or not the trial court erred in denying the defendant's Motion to Suppress evidence and whether or not the trial court complied with sentencing guidelines and imposed an excessive sentence on the defendant.
Hansel Miller, Jr. (hereinafter referred to as defendant) was charged by bill of information with possession of marijuana with intent to distribute, a violation of LSA-R.S. 40:966(A). Defendant initially entered a plea of not guilty and filed a Motion to Suppress all evidence seized from his residence as well as all statements made by him as a result of the alleged illegal search and seizure. After a hearing, the trial court denied defendant's Motion to Suppress. Thereafter, defendant withdrew his not guilty plea and entered a plea of nolo contendere, reserving his right to appeal the trial court's denial of his Motion to Suppress. The trial court accepted defendant's guilty plea and ordered a presentence investigation to be conducted. After reviewing the presentence report, and after holding a sentencing hearing, the trial court sentenced defendant to serve two (2) years at hard labor with the Louisiana Department of Corrections.
Defendant appeals his conviction and sentence and alleges the following assignments of error:
(1) The trial court erred in denying his Motion to Suppress the evidence seized at his residence;
(2) The sentence imposed by the trial court was excessive and erroneous;
(3) His conviction was erroneous and contradicted by the evidence presented by the State;
(4) The trial court violated his constitutional rights against unreasonable *424 searches and seizures in that the imposition of a two-year sentence of imprisonment was based on defendant's decision to exercise his right against unreasonable searches and seizures;
(5) The trial judge failed to give consideration to probationary treatment and set forth the factual basis for his failure to impose a probationary sentence, and more specifically in concluding that the defendant had a "poor attitude;"
(6) The trial judge failed to comply with Louisiana Code of Criminal Procedure Article 894.1 in that he did not state the considerations and the factual basis for his sentence; and
(7) The trial judge failed to give due weight and consideration to the findings and recommendations contained in the presentence investigation report.
After a careful review of the record, we affirm defendant's conviction and sentence.

FACTS
On July 29, 1985, at approximately 1:00 P.M., Manuel Orosco, an informant, approached members of the Jennings City Police Department, and told them that he had seen approximately seventeen to eighteen bags of marijuana inside of defendant's residence at about 9:30 A.M. that same day. Orosco also told the officers that defendant offered to sell some of the marijuana to him. On the basis of this information, an affidavit was executed and a search warrant was obtained to search defendant's residence. The search warrant, as well as the affidavit upon which the search warrant was based, listed defendant's residence as 1702 North Church Street, Jennings, Louisiana. However, defendant's actual address, where the search and seizure was conducted, was 1706 North Church Street, Jennings, Louisiana. As a result of the search of defendant's residence, a sizeable quantity of marijuana was discovered and seized. Defendant was subsequently charged with possession of marijuana with intent to distribute.

MOTION TO SUPPRESS
In his first assignment of error, defendant alleges that the trial court erred in denying his Motion to Suppress the evidence seized at his residence and subsequent statements made by him. Defendant first contends that his Motion to Suppress should have been granted because the search warrant, which authorized the search of a residence located at 1702 North Church Street, Jennings, Louisiana did not correctly authorize the search of his residence, which was located at 1706 North Church Street, Jennings, Louisiana.
Detective Keith Perrin, a police officer for the Jennings City Police Department who executed the affidavit upon which the issuance of the search warrant was based, testified that he was familiar with the location of defendant's residence because he had actually been inside of defendant's residence looking for a fugitive approximately eight months prior to the search. Also, Detective Michael Ebow, a detective with the Jennings City Police Department who also knew where defendant resided prior to the search, testified that when Orosco informed the officers of the marijuana inside of defendant's residence, he and Detective Perrin told Orosco that they knew where defendant lived. Detective Ebow further testified that he drove by defendant's residence in an inconspicuous manner to find out defendant's address for the purpose of obtaining information for making an affidavit to obtain a search warrant. Detective Ebow testified that defendant's house numbers were "painted white with the house," and were very hard to see, but that he thought he saw "1702" and wrote that number down on a pad. Both Detective Perrin and Detective Ebow testified that they did not discover that defendant's actual address was 1706 North Church Street until after the search of defendant's residence was completed and that they actually believed that defendant's address was 1702 North Church Street while executing the search warrant. Both officers further testified that there is in fact no such address as 1702 North Church Street, Jennings, Louisiana.
*425 In State v. Korman, 379 So.2d 1061 (La. 1980), aff'd after remand, 397 So.2d 1346 (La.1981), the Louisiana Supreme Court reversed a trial court's granting of the defendant's Motion to Suppress marijuana that was seized during the execution of a warrant. The warrant described the place to be searched as 6656 Harry Drive, Apartment Number 119. However, during the execution of the warrant, the executing officer realized that the defendant's apartment was located in a building designated by the municipal number 6636 Harry Drive rather than 6656 Harry Drive as stated in the warrant. The defendant's apartment was the only apartment numbered 119 in the apartment complex. In Korman, the court stated that:
"A search warrant must particularly describe the place to be searched. U.S. Const. Amend. 4; La. Const. art. 1, § 5 (1974); La.Code Crim.P. art. 162. The description contained in the search warrant is adequate if it is sufficiently detailed so as to allow the officers to locate the property with reasonable certainty and with reasonable probability that they will not search the wrong premises. Steele v. United States, 267 U.S. 498, 45 S.Ct. 414, 69 L.Ed. 757 (1925); State v. Segers, 355 So.2d 238 (La.1978); State v. Cobbs, 350 So.2d 168 (La.1977).
This court has held that a minor error in a portion of the description of the premises to be searched does not invalidate the search.
* * * * * *
Under the facts of this case, there was little possibility that an apartment not intended to be searched could have been searched through mistakeas indeed it was not. Hence, we conclude that the description in the search warrant sufficiently described the place to be searched. The trial judge erred in holding otherwise." State v. Korman, 379 So.2d 1061, at page 1063 (La.1980).
See also State v. Martin, 487 So.2d 1295 (La.App. 3rd Cir.1986), writ den., 491 So.2d 25 (La.1986).
In the instant case, it is clear from the officers' testimony that the description contained in the search warrant was sufficiently detailed so as to allow the officers to locate the defendant's residence with reasonable certainty and with reasonable probability that they would not search the wrong premises. Additionally, both officers reasonably believed prior to and during the search that defendant's address was 1702 North Church Street. This court recently addressed the "good faith" exception to the exclusionary rule in State v. Martin, supra, as follows:
"In United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), the United States Supreme Court established the `good-faith' exception to the exclusionary rule. In that case, the search warrant was found to be defective because the affidavit upon which it was based failed to establish probable cause to search the named addresses. The Supreme Court reversed the trial court's partial grant of the defendants' motion to suppress evidence, gathered pursuant to the execution of the warrant, stating:
`In the absence of an allegation that the magistrate abandoned his detached and neutral role, suppression is appropriate only if the officers were dishonest or reckless in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause.' United States v. Leon, 468 U.S. 897, at page 926, 104 S.Ct. 3405, at page 3423, 82 L.Ed.2d 677 (1984).
The court in Leon further stated that the exclusionary rule is designed to deter police misconduct rather than to punish the errors of prosecuting attorneys, magistrates and judges, and that suppression of evidence obtained pursuant to a warrant should be ordered only on a case-by-case basis and only in the unusual cases in which exclusion of evidence will further the original purpose of the exclusionary rule." State v. Martin, 487 So.2d 1295, at page 1300 (La. App. 3rd Cir.1986).
*426 Since the trial court found that the officers acted appropriately in obtaining the warrant and that they reasonably believed that defendant's address was 1702 North Church Street, while executing the search warrant, suppression of the evidence seized from defendant's residence would not be appropriate, even if the warrant were held to be totally defective due to the error in the address, under the "good faith" exception to the exclusionary rule.
Defendant further alleges that his Motion to Suppress should have been granted because the affidavit contained a material misrepresentation, made by Detective Perrin, when Detective Perrin stated that the informant told him that he had seen seventeen to eighteen bags of marijuana inside of his residence at approximately 9:30 A.M. on July 29, 1985. Defendant produced Belinda Hebert, defendant's "common-law" wife, who testified that she was at defendant's residence during the morning of July 29, 1985, and that neither Orosco nor anyone else came to the house that morning. Defendant contends that the material misrepresentation made by Orosco, combined with the alleged failure of the officers to determine the reliability of Orosco, mandate suppression of the evidence seized from his residence.
It is well established that the credibility of the affiant's informant or the correctness of the information furnished by the informant may not be attacked on a Motion to Suppress. State v. Morstein, 404 So.2d 916 (La.1981). However, the credibility of the affiant himself may be traversed on a proper showing of a genuine issue on the affiant's veracity supported by convincing allegations of fact which, if proven, would establish the falsity of the affidavit. State v. Martin, supra; State v. Feeback, 411 So.2d 10 (La.1982).
Detective Perrin, the affiant, testified that Orosco had provided the Detective Division of the Jennings City Police Department with information in the past and that this information had been proven to be true and reliable. No evidence was presented to controvert Detective Perrin's testimony that Orosco actually informed the officers of the existence of marijuana located in defendant's residence or that Detective Perrin believed Orosco's assertions.
Credibility determinations are functions of the trier of fact and will not be disturbed on appellate review in the absence of manifest error. The trial court obviously believed Detective Perrin's testimony regarding the information obtained from Orosco rather than the testimony of defendant's common law wife. We therefore conclude that the trial court properly denied defendant's Motion to Suppress, and that defendant's first assignment of error has no merit.

EVIDENCE TO SUPPORT CONVICTION
In his third assignment of error, defendant alleges that his conviction was erroneous and contradicted by the evidence presented by the State. However, defendant has failed to brief or argue this assignment on appeal. Assignments of error neither briefed nor argued are considered abandoned. State v. Alexander, 437 So.2d 991 (La.App. 3rd Cir.1983), aff'd on appeal, 457 So.2d 867 (La.App. 3rd Cir.1984), writ den., 462 So.2d 190 (La.1984). Moreover, defendant pleaded no contest to the crime charged, thereby waiving his right to complain on appeal of the insufficiency of the evidence for conviction. Since we have affirmed the trial court's denial of defendant's Motion to Suppress, this assignment of error has no merit.

EXERCISE OF CONSTITUTIONAL RIGHTS
In his fourth assignment of error, defendant alleges that the trial court violated his constitutional rights against unreasonable searches and seizures in that the trial court based the imposition of a two year sentence of imprisonment on defendant's decision to exercise his right against unreasonable searches and seizures, rather than plead guilty.
*427 In his Reasons for Sentence, the trial judge stated:
"The pre-sentence report also indicates that although you admit to having the marijuana found in your residence you claim to have been entrapped and that the search and seizure was illegal due to the fact that the search warrant had the wrong address and your name was misspelled. You appear to have rationalized your behavior and feel that you should not be convicted of this offense due to these technicalities."
After reviewing the presentence report, it is clear that the trial judge was merely summarizing the information and statements contained in the presentence report when he made the above-quoted statements at the sentencing hearing. There is absolutely no evidence that even suggests that the trial court based the two year sentence on defendant's exercise of his constitutional rights against unreasonable searches and seizures by filing a Motion to Suppress. This assignment of error therefore has no merit.

FAILURE TO COMPLY WITH SENTENCING GUIDELINES
In his sixth assignment of error, defendant alleges that the trial judge did not comply with LSA-C.Cr.P. Art. 894.1 in that he did not state the considerations and the factual basis thereof upon which he based his sentence.
Under LSA-C.Cr.P. Art. 894.1, a trial court must state for the record the circumstances taken into account as well as the factual basis for a sentence imposed. State v. MacDonald, 390 So.2d 1276 (La. 1980). The sentencing court, however, is not required to articulate every factor provided in Article 894.1 so long as the record reflects that these factors were considered in particularizing the sentence to the defendant. State v. Morgan, 428 So.2d 1215 (La.App. 3rd Cir.1983), writ den., 433 So.2d 166 (La.1983).
In the instant case, the trial judge stated in his Reasons for Sentence:
"In determining an appropriate sentence I have taken into consideration the following mitigating factors: (1) Your youth; (2) You have one small child and are expecting another in March, and certainly imprisonment will cause a hardship to them and your common-law wife; (3) You have a drug problem and appear to need treatment for this problem; and (4) This is your first felony conviction.
On the other hand, I have taken the following aggravating factors into consideration in determining an appropriate sentence: (1) The nature of the offense, namely, possession of marijuana, with intent to distribute; (2) Although this is your first felony conviction you were convicted for misdemeanor theft in June of 1984; and (3) Your very poor attitude which indicates to me that unless you receive some kind of correctional treatment it is likely that you will commit another crime and this same poor attitude indicates to me that you are not likely to respond in a positive manner to probationary treatment."
The trial judge thoroughly and adequately stated for the record the circumstances taken into account as well as the factual basis thereof for the sentence he imposed. This assignment of error therefore has no merit.

EXCESSIVENESS OF SENTENCE IMPOSED
In his second, fifth and seventh assignments of error, defendant alleges (1) that the sentence imposed by the trial court is excessive and erroneous; (2) that the trial judge failed to give consideration to probationary treatment and erred in concluding that defendant had a "poor attitude;" and (3) that the trial judge failed to give due weight and consideration to the findings and recommendations contained in the presentence investigation report.
Defendant pled no contest to possession of marijuana with intent to distribute, a violation of LSA-R.S. 40:966(A). The maximum sentence that could have been imposed on defendant was imprisonment *428 at hard labor for not more than ten years and a fine of not more than $15,000.00. LSA-R.S. 40:966(B). The two year sentence imposed on defendant is within the statutory limit for sentencing. However, even a sentence which falls within the statutory limits may violate a defendant's right against excessive punishment. La. Const. Art. I § 20; State v. Sepulvado, 367 So.2d 762 (La.1979).
In State v. Morgan, supra, this Court stated the appellate standard of determining whether a sentence is unconstitutionally excessive as follows:
"[A] sentence is excessive if it is grossly disproportionate to the severity of the offense. State v. Bonanno, 384 So.2d 355, 358 (La. 1980). In determining whether the penalty is grossly disproportionate, the court must consider `the punishment and the crime in light of the harm to society caused by its commission, and determine whether the penalty is so disproportionate to the crime committed as to shock our sense of justice.' Id. In reviewing a claim of excessive sentencing, the trial judge is to be afforded wide discretion in the imposition of sentences within statutory limits, and the sentence imposed by him should not be set aside as excessive in the absence of a manifest abuse of his discretion. State v. Abercrumbia, 412 So.2d 1027 (La. 1982)." State v. Morgan, 428 So.2d 1215, at page 1216 (La. App. 3rd Cir. 1983), writ den., 433 So.2d 166 (La. 1983).
In addition to stating for the record the mitigating and aggravating factors considered in imposing sentence on defendant, the trial judge further stated in his Reasons for Sentence that:
"The court has carefully weighed the mitigating and aggravated factors discussed above in light of the sentencing guidelines and due to the nature of the offense, and your poor attitude, a probated sentence is not warranted. There is an undue risk that if you were granted probation due to your attitude you would commit another crime; you are in need of correctional treatment, and any lesser sentence than imprisonment would deprecate or take away from the seriousness of the offense, not promote respect for the law and would not provide a just punishment for the offense."
The two year sentence imposed on defendant is not so disproportionate to the crime committed as to shock our sense of justice. Contrary to defendant's contention, the trial judge apparently did give due weight to the presentence report because the presentence report in fact stated that defendant "does not appear to be a good candidate for probation as evidenced by several misdemeanor convictions listed in his criminal record." The trial judge's conclusion that the defendant had a "poor attitude" is supported by the record showing defendant's admission that he possessed marijuana, in violation of law, subsequent to having other prior criminal convictions for violations of law. We therefore conclude that defendant's second, fifth and seventh assignments of error have no merit.
For the foregoing reasons, defendant's conviction and sentence are affirmed.
AFFIRMED.