DOMENGEAUX, Judge.
On January 21, 1987, the defendant, Wilbert C. Bonhomme, was charged by bill of information with the crime of simple burglary of an automobile, a violation of La. R.S. 14:62. On March 23, 1988, a jury of six (6) unanimously found the defendant guilty as charged. The trial judge sentenced the defendant to three years at hard labor. The defendant now appeals based on six (6) assignments of error, two of which have been abandoned.
FACTS
On the night of January 4, 1987, Lazette Anne Lemaire parked her car on General Mouton Street, in Lafayette, Louisiana. She locked her car and left her purse under the front seat with forty dollars ($40.00) in it, one twenty dollar ($20.00) bill and two ten dollar ($10.00) bills.
At one o’clock a.m., Officer Guidry of the Lafayette City Police Department was patrolling on General Mouton Street when he observed the dome light on in Miss Le-maire’s 1979 Lincoln. He saw the defendant sitting in the passenger’s seat. The defendant got out of the vehicle and started to walk away, but the officer stopped him and asked for some identification. The defendant produced his driver’s license. As the officer checked out the license plate on the car, the defendant ran but was caught in a nearby backyard.
When Officer Guidry’s backup reached the scene, he picked up some money that the defendant had thrown down, one twenty dollar ($20.00) bill, two ten dollar ($10.00) bills, and two one dollar ($1.00) bills. Officer Vincent, the backup, turned over the money to the evidence custodian and booked the defendant.
Officer Viccellio arrived at the scene after the defendant was already in custody. He was told that the defendant’s car was parked next to the 1979 Lincoln. After Officer Viccellio checked this information, he removed a flashlight, screwdriver, and coat hanger from the front seat of the defendant’s car. He turned over these items to the evidence custodian at the Police Department.
*642 ASSIGNMENT OF ERROR NO. 1:
In his first assignment of error, the defendant argues that the trial court committed prejudicial error by permitting the introduction of the flashlight, screwdriver, and coat hanger which were removed from the defendant’s vehicle. He contends that the State failed to establish the chain of custody and the relevancy of these items.
A chain of custody is proved by establishing custody of an object from the time it is seized until it is offered in to evidence. State v. Sweeney, 443 So.2d 522 (La.1983). Any defect in the chain of custody goes to the weight of the evidence rather than its admissibility. State v. Sam, 412 So.2d 1082 (La.1982). This evidence was, therefore, properly admitted.
Concerning relevancy, the defendant contends the State failed to show that this evidence was used in the commission of the offense, nor did the State prove that the victim’s car had been tampered with or damaged in any manner.
The evidence complained of was found in the defendant’s car which was parked next to the victim’s car. There was testimony from the victim that she locked her car before leaving it. The defendant was in her car when he was spotted by the police officer. Circumstantially then, the jury could have found that the defendant used these objects in the commission of the crime, and the trial judge did not abuse his discretion in allowing their introduction.
Demonstrative evidence is admissible at trial if it is more probable than not that the evidence is related to the case. State v. Gordy, 380 So.2d 1347 (La.1980). The trial court is vested with wide discretion in determining the relevancy of evidence and its rulings will not be disturbed on appeal in the absence of a clear abuse of discretion. State v. Chaney, 423 So.2d 1092 (La.1982).
The defendant also contends that there was a defective chain of custody with the currency seized at the scene of the crime. This issue was not raised by assignment of error. Arguments in brief which are not designated in the assignments of error are not properly presented for review and thus are not considered. State v. Overton, 337 So.2d 1201 (La.1976).
We find no merit in this assignment of error.
ASSIGNMENTS OF ERROR NOS. 2 AND 6:
These assignments have neither been argued nor briefed. Thus they are considered abandoned. State v. Dewey, 408 So.2d 1255 (La.1982).
ASSIGNMENTS OF ERROR NOS. 3, 4, AND 5:
By these assignments, the defendant argues that the guilty verdict was not based on sufficient evidence to establish the guilt of the accused beyond a reasonable doubt. He argues that the State’s failure to fingerprint the money allegedly taken from the victim’s purse should have rendered that evidence inadmissible. He also contends that the police officers’ identification was not credible.
First, the defendant argues that the money introduced as evidence by the State should not have been admitted because it was never fingerprinted and could not conclusively be linked to the defendant. Likewise, the fact that neither the victim’s purse nor her wallet were fingerprinted left reasonable doubt as to the defendant’s connection to this crime.
“Simple burglary is the unauthorized entry of any_vehicle ... with the intent to commit a felony or any theft therein.” La.R.S. 14:62.
Miss Lemaire testified that the defendant did not have permission to enter her car; Officer Guidry testified that he saw the defendant in Miss Lemaire’s car. Forty dollars ($40.00) was missing from Miss Le-maire’s car and the police saw the defendant trying to throw away forty dollars ($40.00) when he was apprehended. Thus, there was no need to fingerprint the objects inside the car to determine that the defendant had been there, nor was there any need to fingerprint the money that the police officer had seen thrown down by the defendant’s own hand.
*643 Second, the defendant asserts that the identification of him as the perpetrator of the crime was insufficient. The police officers pointed out none of the defendant’s characteristics and testified that they saw the defendant for only a short while. He further avers that the State did not produce the defendant’s license which could have proven his identification beyond a reasonable doubt.
The jury had a full opportunity to view the testimony of the officers and assess their credibility. Despite the defendant’s claim that the police officers failed to point out any distinguishing characteristics, the defendant has failed to allege that he has distinguishing characteristics. The in-court identification of the defendant was sufficient and there was no need to produce the ■ defendant’s driver’s license in this instance.
Once a witness has identified the defendant, it is for the jury to determine the weight to be given that identification. State v. Williams, 461 So.2d 1118 (La.App. 5 Cir.1984). Credibility determinations are functions of the trier of fact and will not be disturbed on appellate review in the absence of manifest error. State v. Miller, 495 So.2d 422 (La.App. 3 Cir.1986).
Finally, the last argument raised by the defense is that the remaining evidence was insufficient to support a guilty verdict. When reviewing the sufficiency of evidence to support a conviction, an appellate court must determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the defendant to have committed the essential elements of the crime charged beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Chism, 436 So.2d 464 (La.1983).[1] Our review of the record clearly reveals there was sufficient evidence presented for a trier of fact to find the defendant guilty beyond a reasonable doubt.
These assignments lack merit.
For the above and foregoing reasons, the conviction of Wilbert C. Bonhomme is affirmed.
AFFIRMED.

. Although reviewing courts are obligated to follow the Jackson standard as mandated by the Louisiana Supreme Court, the author of this opinion has expressed opposition to this standard because it relegates the reviewing power of the appellate courts to nothing more than "second guessing” the triers of fact. See my concurring and dissenting opinions in State v. Gatson, 434 So.2d 1315 (La.App. 3 Cir.1983); State v. Anderson, 440 So.2d 205 (La.App. 3 Cir.1983), writ denied, 444 So.2d 1241 (La.1984); and State v. Bryan, 454 So.2d 1297 (La.App. 3 Cir.1984), writ denied, 458 So.2d 128 (La.1984).