379 So.2d 1076 (1980)
STATE of Louisiana
v.
Andrew JOSEPH.
No. 65198.
Supreme Court of Louisiana.
January 28, 1980.
John M. Lawrence, Orleans Indigent Defender Program, New Orleans, for defendant-respondent.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Robert T. Myers, Asst. Dist. Atty., for plaintiff-relator.
WATSON, Justice.
The State of Louisiana was granted a writ of review in this matter upon a representation that the trial court erred in ordering the State to answer interrogatory number 24 posed by counsel for defendant, Andrew Joseph. Interrogatory number 24 reads:
"Does the State have in its possession statements of any person who has been interviewed by an agent of the State in connection with the subject matter of this case or matters related to the evidence to be introduced in this case and whom the State does presently intend to call at trial? If yes, please provide copy of same to the defendant."
The trial court's first ruling on this interrogatory was as follows:
"In paragraph 24 defense seeks to know whether the State has in its possession any interviews by the State which they do intend to call? I make the same ruling as to 24 as I did to paragraph 23, the defendant is entitled to know if it exists, but not contents, the State must furnish by 4:00 PM July 20." (Tr. 10)
At a subsequent hearing on July 20, the trial court ruled that the defendant was entitled to a "non-exculpatory statement" (Tr. 1). The statement is not otherwise identified, but the parties agree in the *1077 briefs that the ruling relates to oral statements made by defendant to a private citizen. In the State's answer to defendant's interrogatory number 14, this individual is identified as Evan Butler, to whom defendant is alleged to have made oral, precustodial statements on October 13, 14, and 16, 1968. Apparently, the State complains of the ruling of July 20, because the original ruling on interrogatory 24 was favorable to the State.
There is no representation that defendant is entitled to the material because it is of an exculpatory nature. Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); United States v. Agurs, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976). Although some commentators advocate disclosure of all relevant evidence,[1] there is no constitutional requirement that the prosecution's complete case be revealed to the defendant. United States v. Agurs, supra; Moore v. Illinois, 408 U.S. 786, 92 S.Ct. 2562, 33 L.Ed.2d 706 (1972).
The issue is whether the State is required to divulge the contents of an oral inculpatory statement made by defendant to a private citizen when the State plans to use that evidence at trial.[2]
LSA-C.Cr.P. art. 716 provides as follows:
"A. Upon motion of the defendant, the court shall order the district attorney to permit or authorize the defendant to inspect and copy, photograph or otherwise reproduce any relevant written or recorded confession or statement of any nature, including recorded testimony before a grand jury, or copy thereof, of the defendant in the possession, custody, control, or knowledge of the district attorney.
"B. Upon motion of the defendant, the court shall order the district attorney to inform the defendant of the existence, but not the contents, of any oral confession or statement of any nature, made by the defendant, which the district attorney intends to offer in evidence at the trial, with the information as to when, where and to whom such oral confession or statement was made."
Defendant contends that he is entitled to the information under part A. of the above article while the State contends the contents of the statements are excluded under part B. The State's interpretation of the article is the correct one.
LSA-C.Cr.P. art. 723 states:
"Except as provided in Articles 716, 718, 721, and 722, this Chapter does not authorize the discovery or inspection of reports, memoranda or other internal state documents made by the district attorney or by agents of the state in connection with the investigation or prosecution of the case; or of statements made by witnesses or prospective witnesses, other than the defendant, to the district attorney, or to agents of the state."
Under LSA-C.Cr.P. arts. 716(B) and 723 the information sought is not subject to discovery by defendant. Defendant is not entitled to obtain the contents of an oral statement made by him to a private citizen, when the evidence is not of an exculpatory nature. See State v. Sheppard, 350 So.2d 615 (La., 1977). The trial court erred insofar as it ordered the State to reveal to defendant the contents of any oral inculpatory statements made by him to Evan Butler.
The ruling of the trial court is vacated insofar as it ordered the State to reveal to defendant the contents of any oral inculpatory statements made by defendant, and the matter is remanded for further proceedings.
ORDER VACATED: CASE REMANDED.
NOTES
[1] See, for example, the comment at 74 Yale Law Journal 136.
[2] Its use at trial would require an affirmative showing by the State that the statement was free and voluntary. State v. Glover, 343 So.2d 118 (La., 1977).