437 So.2d 991 (1983)
STATE of Louisiana, Plaintiff-Appellee,
v.
Harry Lee ALEXANDER, Defendant-Appellant.
No. CR82-845.
Court of Appeal of Louisiana, Third Circuit.
September 19, 1983.
*992 Hannah, Cook & Kaufman, (Hank Hannah, Lafayette, of counsel), Lafayette, for defendant-appellant.
Michelle Jackson, Carrol Spell, Jr. and Robin Rhodes, Asst. Dist. Attys., Lafayette, for plaintiff-appellee.
Before DOUCET, YELVERTON and KNOLL, JJ.
YELVERTON, Judge.
Defendant, Harry Lee Alexander, was convicted of aggravated rape (LSA-R.S. 14:42), attempted second degree murder (LSA-R.S. 14:27, 14:30.1) and aggravated burglary (LSA-R.S. 14:60). The convictions arose out of a single course of criminal activity perpetrated upon one victim during the early morning hours of February 14, 1982. He was sentenced to life imprisonment at hard labor without benefit of parole, probation or suspension of sentence for the aggravated rape; fifty years at hard labor for the attempted second degree murder; and thirty years at hard labor for the aggravated burglary. The sentences were ordered to be served consecutively.
By this appeal defendant challenges only his conviction for aggravated rape. Although he perfected four assignments of error in the lower court, defendant has chosen to argue only one of those assignments viz, the State failed in its burden of proving every element of the crime of aggravated rape. Assignments of error neither briefed nor argued are considered abandoned, and we will, therefore, consider only the assignment defendant has chosen to pursue upon this appeal. State v. Lewis, 416 So.2d 921 (La.1982); State v. Frith, 412 So.2d 1000 (La.1982); Rule 2, Section 12.4, Uniform Rules of the Courts of Appeal.
FACTS
On Sunday, February 14, 1982, at approximately 6:30 A.M., the 22 year old female victim returned alone to her apartment in Lafayette, following an evening spent celebrating her visiting sister's birthday. The two women had become separated during the evening but were to meet at the victim's apartment.
After entering her apartment the victim closed the door but left it unlocked for her sister's anticipated return. As she was walking across her living room floor, a man entered and attacked her from behind. The victim was beaten and choked until she lost consciousness.
When she regained consciousness the victim was alone and lying on the floor. Most of her clothingshoes, stocking, skirt, vest, earrings and pantieshad been removed and were scattered on the floor, as was a tampon which she had been using. Her body was bruised and covered with blood and she had several lacerations on her face. There were scattered patches of blood on the carpet, drapes, sofa and throughout the living room. Shortly after she regained consciousness the battered victim was standing unsteadily in her doorway when her sister returned and discovered her.
The victim was taken to the hospital. There it was found that her attacker had administered a large bite mark on one of her buttocks. A rape kit was performed approximately an hour after the attack. This failed to reveal the presence of sperm relative to the victim's body although a trace amount of semen was found on her slip. Pubic combings failed to reveal any foreign hairs or substances on the victim. A large piece of carpet (6' X 4') was removed from the attack area and analyzed *993 by the criminal lab. No evidence was discovered from this.
The victim testified she had no idea as to whether or not she had been raped during her period of unconsciousness. The examining physician testified he was unable to determine whether or not there had been any sexual penetration.
ASSIGNMENT OF ERROR
The single assignment of error is that the State has failed in its burden of proving every element of the crime of aggravated rape. We agree.
It is well-established that the burden of proving beyond a reasonable doubt every element of the crime charged rests solely with the State, which must affirmatively meet its burden. LSA-Const. art. I, Sec. 16; LSA-R.S. 15:271; State v. Prestridge, 399 So.2d 564 (La.1981); State v. Searle, 339 So.2d 1194 (La.1976). Moreover, when the State has only circumstantial evidence as proof of the necessary elements, it is subject to a stricter standard of proof than if there were direct evidence. The circumstantial evidence rule requires that the evidence presented by the State "must exclude every reasonable hypothesis of innocence." LSA-R.S. 15:438.
The elements of the crime of rape include sexual intercourse, which requires proof of sexual penetration, vaginal or anal, however slight. LSA-R.S. 14:41.
The evidence of a rape in the instant case is circumstantial only. The State conceded as much in its argument to the jury. There is no direct evidence establishing that sexual penetration, no matter how slight, ever occurred. The only facts presented by the State in support of its contention of penetration are that the victim's clothes had been removed, that she had suffered a bite on her buttocks, that her tampon had been removed, and that a trace amount of semen was found on the victim's slip, which she was still wearing after the attack.
Although it is apparent that the jury concluded that the defendant had removed the victim's tampon for the purpose of raping her, there is no evidence supporting the required element of proof of actual sexual penetration, no matter how slight. See State v. Prestridge, supra.
The lack of any medical or physical evidence tending to show penetration and the unfortunate circumstance that the victim was senseless during and after the removal of her clothing and unable to testify as to whether she had been raped necessitates a reversal of defendant's conviction for aggravated rape. The prosecution failed to prove the necessary element of sexual penetration beyond a reasonable doubt and did not, therefore, exclude every reasonable hypothesis of innocence as to an aggravated rape.
For the foregoing reasons, we reverse and set aside defendant's conviction for aggravated rape. However, pursuant to recently established jurisprudence, defendant is not entitled to be discharged or to receive a new trial on this matter, as we find that attempted aggravated rape, a lesser included offense, was necessarily found in this case by the jury. State v. Parish, 405 So.2d 1080 (La.1981) (On rehearing). Also, see State v. Byrd, 385 So.2d 248 (La.1980), and LSA-R.S. 14:5.
The conviction and sentence for aggravated rape are reversed and the case is remanded with instructions to enter a judgment of conviction of attempted aggravated rape and to impose a sentence for that crime.
CONVICTION OF AGGRAVATED RAPE SET ASIDE; SUBSTITUTION OF ATTEMPTED AGGRAVATED RAPE CONVICTION ORDERED; REMANDED.