YELVERTON, Judge.
Defendant, Harry Lee Alexander, was convicted of aggravated rape (LSA-R.S. 14:42), attempted second degree murder (LSA-R.S. 14:27), and aggravated burglary (LSA-R.S. 14:60).
On appeal, 437 So.2d 991 (La.App. 3rd Cir.1983), we set aside the conviction of aggravated rape and substituted a conviction of attempted aggravated rape, a violation of La.R.S. 14:27 and 14:42. We remanded to the trial court with instructions to enter a judgment of conviction of attempted aggravated rape and to impose a sentence for that crime. The trial court did as instructed. The defendant is now appealing the conviction for attempted aggravated rape.
As in the defendant’s first appeal, there are four assignments of error. These are the exact same four assignments alleged in the first instance. Also, as in the first appeal, three of the assignments, Numbers 2, 3 and 4, were not briefed. Assignments of error neither briefed nor argued are considered abandoned. State v. Lewis, 416 So.2d 921 (La.1982); Rule 2, Section 12.4, Uniform Rules of the Courts of Appeal. As in the first appeal, we will not consider the abandoned assignments.
The one assignment briefed alleges that the State failed to carry its burden of proof in that it did not prove each and every element of attempted aggravated rape. As indicated, this Court has already looked at this appeal and evaluated the evidence as to the rape charge. This Court evaluated the defendant’s allegations and found that the State did not carry its burden of proof in that it did not prove each and every element of the crime and could not sustain a conviction of aggravated rape. We went further to find that the State did, however, carry its burden of proof sufficiently for a conviction of attempted aggravated rape. Based on that analysis as reported in State v. Alexander, 437 So.2d 991 (La.App. 3rd Cir.1983), this assignment has no merit.
CONVICTIONS AND SENTENCES AFFIRMED.