DOUCET, Judge.
The defendant, Harold St. Romain, was charged by bill of information with purse snatching in violation of La.R.S. 14:65.1. He waived formal arraignment and entered a plea of not guilty. On November 28, 1984, the defendant went to trial before a six-person jury and was found guilty by a unanimous verdict. On December 20,1984, St. Romain was sentenced to serve two years with the Department of Corrections. He now appeals the conviction and sentence.
SUFFICIENCY OF THE EVIDENCE
The defendant contends that the trial court erred in that the evidence against the defendant was insufficient to prove guilt.
The standard of review of the sufficiency of the evidence is whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have concluded beyond a reasonable doubt that the essential elements of the crime had been proven. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Captville, 448 So.2d 676 (La.1984).
Purse snatching is defined by La.R.S. 14:65.1 which states:
“Purse snatching is the theft of anything of value contained within a purse or wallet at the time of the theft, from the person of another or which is in the immediate control of another, by use of force, intimidation, or by snatching, but not armed with a dangerous weapon.”
At the trial, the victim, Mrs. Azerine Milo, testified that at approximately 9:20 P.M. or. May 2, 1984, while she was leaving her place of employment, the Royal Cajun Fried Chicken Restaurant located on Main Street in Bunkie, La., she was approached by a man she recognized as Harry Keith Christmas. He was acting suspiciously and made her uneasy. When Mrs. Milo arrived home and was about to unlock her front door, Harry Keith Christmas came around from behind her house and grabbed her purse from her left shoulder. Christmas ran to a waiting car driven by a man Mrs. Milo recognized as Harold St. Romain. Mrs. Milo chased Christmas and caught up with the car, but Christmas had already entered the passenger seat and the two drove away. Mrs. Milo immediately drove to the Police Station in Bunkie where she told officers what had happened and that she was familiar with the car. She stated that her purse contained a .25 calibre pistol for which she had paid $53.00, a computerized pen worth $30.00, and a pocket knife worth $35.00, as well as various personal items.
Officer John Daigrepont of the Bunkie Police Department testified that the defendant’s car was found in front of a cafe on Ebony Street in Bunkie. After being directed by the officers, the defendant drove down to the Police Station. Once the automobile was in the Station parking lot, Officer Daigrepont noticed Mrs. Milo’s personal checkbook and an envelope addressed to Mrs. Milo in plain view on a console between the driver’s and passenger’s seats.
*1311 St. Romain was not alleged to have himself performed the acts constituting purse snatching. He was however, a principal to the crime under the provisions of La.R.S. 14:24 which provides that:
“All persons concerned in the commission of a crime, whether present or absent, and whether they directly commit the act constituting the offense, aid and abet in its commission, or directly or indirectly counsel or procure another to commit the crime, are principals.”
The defendant contends that the specific intent necessary to make him a principal to the purse snatching was lacking. Specific intent is a state of mind. It need not be proven as a fact but may be inferred from the circumstances of the transaction and the actions of the defendant. State v. Graham, 420 So.2d 1126 (La.1982). The victim testified that, after taking her purse, Christmas got into a car driven by the defendant who sped off. The car, which turned out to be owned by St. Romain, was later found and inside were Mrs. Milo’s check book and a letter addressed to her.
Viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found beyond a reasonable doubt that the defendant, along with Harry Keith Christmas, was a principal to the crime of purse snatching.
EXCESSIVE SENTENCE
The defendant contends that the trial court erred in that the sentence imposed upon the defendant was clearly excessive and did not meet the sentencing criteria outlined in La.C.Cr.P. art. 894.1.
Although this assignment of error was perfected, neither party has briefed it. Assignments of error neither briefed nor argued are considered abandoned. State v. Alexander, 457 So.2d 867 (La.App. 3rd Cir. 1984). Consequently, this assignment of error has been abandoned and will not be considered on appeal. Accordingly, the sentence and conviction are affirmed.
AFFIRMED.