YELVERTON, Judge.
This thirteen-year-old juvenile was adjudicated a delinquent, for the aggravated rape of Sabrina Williams, age seventeen months, and was committed to the Department of Public Safety and Corrections for a period not to exceed his twenty-first birthday. The juvenile now appeals the judgment of disposition.
FACTS:
On March 15, 1985, Janette Williams asked James Leon Thrash to babysit her two children, a two-year-old boy and a seventeen-month-old girl, the victim. When the mother left the house that evening at 8:30 P.M., she locked the front and back door of her house in Natchitoches. She testified that since the regular locks were broken, she used deadbolts which prevented anyone from entering or exiting without a key. Her brother, Herbert Williams, who *416 was staying with her and also had a key, left the house at 7:00 P.M. When Ms. Williams returned at 2:00 A.M. the next morning, she found her brother and Thrash asleep on the floor in front of the television. She then noticed that her daughter was whimpering and appeared to have a wet diaper. She removed the diaper and found that it was drenched with blood. She put the diaper in a bag and accused the juvenile of sexually assaulting her daughter. She testified Thrash claimed the baby had a nose bleed. It appears that when Ms. Williams brandished a knife, the juvenile fled. The infant was transported to the Natchitoches Parish Hospital and then to the LSU Medical Center in Shreveport.
Dr. Roy Dufford who examined the infant in Shreveport found lacerations in the opening of the vagina and also in the deepest portion of the vagina. The laceration inside the vagina required sutures. The doctor testified that the above injuries were caused by the penetration of the vagina by an object.
Suspect rape kit tests were performed on Herbert Williams and the juvenile. Laura Johnson, who was accepted as an expert to testify regarding tests performed on hair samples, compared a hair fragment found in the diaper with hair samples taken from James Thrash and Herbert Williams. She testified that the reference pubic hair from Thrash and the pubic hair on the diaper had similar characteristics. According to Johnson, the hair from Williams did not share characteristics with the one found in the diaper.
ASSIGNMENTS OF ERROR NOS. 1 THROUGH 6:
These assignments of error were consolidated in the juvenile’s brief, for they address the same issue, sufficiency of the evidence. Since the evidence was circumstantial, the standard of review outlined in State v. Austin, 399 So.2d 158 (La.1981) should be applied as follows:
“Regarding circumstantial evidence, R.S. 15:438 sets forth the rule that, in order to convict, the evidence must exclude every reasonable hypothesis of innocence. Under Jackson, the evidence is viewed in the light most favorable to the prosecution and from the viewpoint of a rational trier of fact. Therefore, when we review a conviction based upon circumstantial evidence we must determine that, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have concluded beyond a reasonable doubt that every reasonable hypothesis of innocence has been excluded.”
The juvenile argues that viewing the circumstantial evidence in the light most favorable to the prosecution, a rational trier of fact would not have concluded beyond a reasonable doubt that every reasonable hypothesis of innocence had been excluded.
The juvenile first argues that the state failed to show that the crime of rape was committed. He alleges that there is no proof of sexual penetration, an element of rape. He claims that the victim did not testify as to penetration and that pursuant to the doctor’s testimony the injury was not necessarily caused by penile penetration. The juvenile cites State v. Alexander, 437 So.2d 991 (La.App. 3rd Cir.1983), in which a conviction of aggravated rape was set aside on the grounds that sexual penetration was not shown. In that case the victim was unconscious when her clothes were removed and was unable to testify as to whether she had been raped. There was no evidence of foreign pubic hair or seminal fluid in the victim’s body. The facts in the case before us, however, can be distinguished from those in State v. Alexander, supra. In the case at hand, unlike in State v. Alexander, supra, there was trauma to the vagina and foreign pubic hair was found. Viewing that evidence in the light most favorable to the prosecution a rational trier of fact could have found beyond a reasonable doubt that every reasonable hypothesis of innocence had been excluded and, thus, that sexual penetration had been committed.
The juvenile also alleges that not every reasonable hypothesis of innocence was excluded, for someone else could have *417 been the perpetrator of the alleged rape. He claims that Herbert Williams or one of his acquaintances or a stranger could have committed the crime. There was no evidence, however, of anyone besides Herbert Williams and the juvenile being inside the house at the time the crime occurred. The rape kit test excluded Williams as the source of the pubic hair found in the diaper. The possibility that the juvenile did not commit the crime may not constitute a reasonable hypothesis after the consideration of other evidence such as his being with the victim in a house which could only be entered or exited with a key and his hair matching the pubic hair found in the diaper. Viewing the evidence in the light most favorable to the prosecution a rational trier of fact could have concluded beyond a reasonable doubt that every reasonable hypothesis of innocence has been excluded.
ASSIGNMENT OF ERROR NO. 7:
In this assignment of error the juvenile claims that the trial court erred in allowing into evidence hair samples taken without a court order in violation of Louisiana Code of Juvenile Procedure, Article 36. Officer Cooley testified that he took the juvenile to the police station for questioning and advised him of his rights in the presence of his parents. According to Officer Cooley, the parents and the juvenile expressed no objection to his transporting the juvenile to a hospital for the administration of the suspect rape kit test. Pursuant to the test a pubic hair was removed from Thrash. The juvenile alleges that the removal of the hair for identification purposes without a court order violated La.C. J.P. Article 36 which provides as follows:
“A. A child may be photographed or fingerprinted only in connection with being taken into custody for the commission of:
“(1) An act which if committed by an adult would be considered a felony; or
“(2) An act which if committed by an adult would be considered a misdemean- or involving the use of a dangerous weapon.
“B. Upon motion of the district attorney, the court may order any child to submit to reasonable identification procedures, such as to provide handwriting exemplars, to be fingerprinted, or stand in a lineup.
“C. Fingerprints and photographs taken pursuant to Paragraphs A and B shall be maintained and indexed separately from those of adults and shall not be sent to a central state, regional, or federal bureau of criminal identification.”
In denying the juvenile’s motion to suppress and objections to the introduction of the hair, the trial court stated that since the juvenile consented to the removal of the hair, there was no need for a court order. The juvenile, however, claims a court order is mandatory. There appears to be no Louisiana jurisprudence interpreting this article. According to La.C.J.P. Article 4 the word “may” is permissive. Since La.C.J.P. Article 36 contains the word “may”, obtaining a court order is not mandatory. Thus, the consent of the juvenile and his parents remove the necessity of a court order. This assignment of error lacks merit.
ASSIGNMENTS OF ERROR NOS. 8 AND 9:
In his brief the juvenile appears to have consolidated these two assignments of error. He argues that the trial court erred in allowing into evidence the unreliable testimony of identification through hair sample analysis and in failing to exclude the possibility that the sample may have come from another person. The juvenile first argues that identification through hair analysis is unreliable and should be given little weight by the trier of fact. He notes that the expert admitted that a person cannot be positively identified by such analysis. It appears that in most jurisdictions, human hair identification based on microscopic examination is admissible evidence but the weight assigned to such evidence is a question for the trier of fact. Annot., 23 ALR 4th 1199 (1983). The trial court, thus, *418 did not err in admitting expert testimony concerning hair analysis.
The juvenile also alleges that the trial court erred in failing to exclude the possibility that the pubic hair sample found in the diaper may have come from someone else. He notes that the expert testified that the pubic hair may have come from the victim’s mother. The expert, however, did testify that the microscopic characteristics of the hair sample and the one removed from Thrash were similar. As mentioned previously, the weight placed on the expert’s testimony is a question for the trier of fact. Viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found beyond a reasonable doubt that every reasonable hypothesis of innocence was excluded and that Thrash was the source of the pubic hair found in the diaper. These assignments of error lack merit.
The adjudication and commitment are affirmed.
AFFIRMED.
DOMENGEAUX, J., concurs.