DOMENGEAUX, Judge.
Defendant, Lawrence Zeno, was charged by grand jury indictment with one count of aggravated rape in violation of La.R.S. 14:42, one count of aggravated burglary in violation of La.R.S. 14:60, and one count of armed robbery in violation of La.R.S. 14:64. On September 16-18, 1985, a twelve person jury unanimously found the defendant guilty of aggravated rape and aggravated burglary and not guilty of armed robbery. On January 3, 1986, the defendant was sentenced on the aggravated rape conviction to the mandatory term of life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. The trial judge also sentenced him to serve thirty years at hard labor on the aggravated burglary conviction, with both sentences to run concurrently. The defendant appeals his conviction on the basis of two assignments of error.
FACTS
On March 24,1985, at approximately 3:00 A.M., Ethel Porter was awakened by her parakeets making noises. Upon going to check on the birds, she heard a “cracking” sound in the living room where she discovered a black male breaking in through a window. Mrs. Porter ran to the window, pushed the intruder out, and slammed the window. She then ran to her room, loeked the door, and phoned her neighbor for assistance.
The intruder entered her home, forced his way into the bedroom, and turned out the lights. He held a knife to her throat and demanded that they engage in both oral and vaginal sexual intercourse. After-wards he ordered her to turn over any money she had in the apartment which amounted to only $10.00. He then commanded her to drive him somewhere despite the fact that she was completely nude. When they attempted to leave through the victim’s bedroom window, they were met by two policemen who forced them back into the house. The rapist subsequently escaped through another window.
The defendant was arrested at approximately 3:40 A.M. the same day in connection with this incident.
ASSIGNMENT OF ERROR NO. 1
The defendant contends that the trial judge erred in allowing Ernest John to testify as to inculpatory statements made by the defendant on the night of the alleged crime. Specifically, the defendant *1344 contends that the State failed to give notice of its intent to introduce inculpatory statements of the defendant through the testimony of Ernest John.
The trial record reflects that, prior to the State’s introduction of Ernest John’s testimony, the defendant made a motion to exclude any inculpatory statements that the defendant may have made to Ernest John on the night of the alleged crime. At trial, Ernest John testified that he and the defendant had left a local bar at approximately 2:45 A.M. He also testified that, as they were walking near the victim’s house, the defendant told Ernest that he had once loved her. Ernest stated that he continued walking at this point, but the defendant stopped in front of the house. From the above, it is evident that Ernest John only testified as to what the defendant told him prior to the time of the offense.
In order for a statement to be inculpatory, it must be made after the commission of the crime. State v. Lewis, 416 So.2d 921 (La.1982), appeal after remand, 430 So.2d 1286 (La.App. 1st Cir.1983), writ denied, 435 So.2d 433 (La.1983); State v. Quimby, 419 So.2d 951 (La.1982).
In Lewis, the court stated:
“Article 768 provides that, should the state fail to give notice of its intention to use a confession or inculpatory statement at trial, it is inadmissible. For purposes of this article, the term ‘inculpato-ry statement’ refers to defendant’s out of court admission made after a crime has taken place which implicates defendant in its commission. State v. Brent, 347 So.2d 1112 (La.1977); State v. Brumfield, 329 So.2d 181 (La.1976). Because the defendant made the challenged statement one hour before the crimes took place, Article 768 does not govern its admission into evidence.” [Emphasis supplied].
It therefore is clear that Ernest John’s testimony does not contain any inculpatory statements within the meaning of La.C. Cr.P. Art. 768.
The defendant also argues that, by filing a motion for discovery, he should have been informed of any statement made by the defendant that the State intended to offer in evidence. The defendant cites La. C.Cr.P. Art. 716(B) as authority for the above, which provides as follows:
“B. Upon motion of the defendant, the court shall order the district attorney to inform the defendant of the existence, but not the contents, of any oral confession or statement of any nature, made by the defendant, which the district attorney intends to offer in evidence at the trial, with the information as to when, where and to whom such oral confession or statement was made.”
In State v. Freeman, 447 So.2d 1145 (La.App. 3rd Cir.1984), writ denied, 449 So.2d 1356 (La.1984), the Court stated:
“.... Under the holding in State v. Quimby, 419 So.2d 951 (La.1982) and State v. Bonanno, 373 So.2d 1284 (La.1979), although defendant is not entitled to discover the substance of statements made to a private citizen, on proper motion, defendant is entitled to discover the existence of the oral statement with corresponding information relative to when, where and to whom such statement was made.”
Following the Court in Freeman, supra,[1] and cases cited therein, we find that the State failed to comply with the discovery *1345 provisions of La.C.Cr.P. Art. 716(B). However, a reversal based on a violation of the discovery articles will not be granted absent a showing of prejudice. State v. Arnaud, 412 So.2d 1013 (La.1982); State v. Hooks, 421 So.2d 880 (La.1982).
In the instant case, the defendant has not shown how he was prejudiced by the State’s failure to inform him of the statement defendant made to Ernest John in front of the victim’s house on the night of the incident. The record reflects that, two weeks prior to trial, the State had given counsel for the defendant the entire investigative file which contained a two and one-half page handwritten statement given by Ernest John. This statement contained the testimony the State intended to offer at trial. In addition, it does not appear that the defendant lacked foreknowledge of the existence of the statement in that he filed, prior to Ernest John taking the stand, a motion in limine to exclude Ernest John from testifying as to what the defendant told him on the night of the incident.
We hold, therefore, that the defendant has failed to show any prejudice from the State’s failure to comply with the discovery rules.
Accordingly, this assignment of error is without merit.
ASSIGNMENT OF ERROR NO. 2
Through this assignment of error the defendant contends that the trial court erred in allowing the State to exceed the scope of cross-examination during its redirect examination of Ernest John.
Although the defendant has perfected this assignment of error in the lower court, he has not briefed this argument on appeal. Assignments of error which are not briefed are considered abandoned. State v. Dewey, 408 So.2d 1255 (La.1982); State v. Alexander, 437 So.2d 991 (La.App. 3rd Cir. 1983), appeal after remand, 457 So.2d 867 (La.App. 3rd Cir.1984), writ denied, 462 So.2d 190 (La.1984).
This assignment of error, thus, has been abandoned.
For the foregoing reasons, the defendant’s conviction is affirmed.

AFFIRMED.

. The author of this opinion concurred in Freeman, supra, on the basis of the Supreme Court case of State v. Hooks, 421 So.2d 880 (La.1982), in which the Court stated:
"The State is not required to give notice or to divulge the contents of an oral statement made by the defendant to a private citizen when the State plans to use that evidence at trial. State v. Joseph, supra.” [Emphasis supplied].
In the statement below from State v. Joseph, 379 So.2d 1076 (La.1980), it appears that the Court in Hooks, supra, misstated the rule of discovery with regard to notice:
“Defendant is not entitled to obtain the contents of an oral statement made by him to a private citizen, when the evidence is not of an exculpatory nature.” [Emphasis supplied].
After reevaluating the above cases, the author, no longer adhering to his concurring opinion, submits to the majority in Freeman, supra.